**Hibbard, Spencer, Bartlett & Company, Defendant in Error, v. Halsted Street Mill Company, Plaintiff in Error.**

## Gen. No. 14,919.

1. APPEALS AND ERRORS—*when finding of court not disturbed.* A finding and judgment by the court will not be set aside on review if fairly sustained by a clear preponderance of the evidence.

2. APPEALS AND ERRORS—*when costs of additional abstract taxed against appellant.* The cost of an additional abstract will be taxed against the appellant if it contain matter which should have appeared in the original abstract and without which the Appellate Court could not have arrived at a correct conclusion of the cause without a reading of the record.

Assumpsit. Error to the Municipal Court of Chicago; the Hon.

480 APPELLATE COURTS OF ILLINOIS.

H. S. B. & Co. v. Halsted Street Mill Co., 152 Ill. App. 479.

WILLIAM W. MAXWELL, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed February 10, 1910.

LUCIUS J. M. MALMIN, for plaintiff in error.

LOUIS J. FLETCHER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This action was tried before a judge of the Municipal Court, without the intervention of a jury, and resulted in a finding and judgment for plaintiff against defendant for the sum of $245.47, and defendant sues out a writ of error seeking a reversal of the judgment.

There is no contest between the parties as to the amount due, but liability therefor defendant denies.

It is contended by plaintiff that at the request and upon the order of defendant, plaintiff manufactured a special kind of ladder for Roberts & Brown, customers of defendant, and delivered the ladders to defendant. That the goods were made and delivered to defendant is not denied, although on the trial defendant insisted, as it had before done to plaintiff, that the ladders should have been delivered to Roberts & Brown, and that delivery to defendant was a mistake; that defendant neither ordered nor agreed to be responsible for the payment of the ladders; that after delivery defendant offered to return them to plaintiff, but plaintiff declined to accept them.

Without reciting the evidential facts we content ourselves by saying that an examination of the evidence impels our minds to the same conclusion reached by the trial judge. All the circumstances considered resolve the facts as supporting the contention of plaintiff. However, the plaintiff's evidence, standing by itself, fully justifies the findings of the trial judge, and as he saw the witnesses and observed their manner of testifying, their apparent fairness or lack of it, their comparative intelligence, their animus or bias,

if any such was made evident by their appearance and manner upon the witness stand, he was, from these advantages, not accessible to us, better able then we possibly can be to determine the truth of the conflicting evidence. Under these circumstances we are not permitted to disturb the solution of the controversy reached by the trial judge. It may, however, not be inappropriate to remark that an analysis of the testimony itself, unaided by a view of the witnesses, convinces us that the plaintiff fairly sustained its contention by a clear preponderance of the evidence.

The additional abstract will be taxed as costs in the cause. It contains matter which should have appeared in defendant's abstract, and without which we could not have arrived at a correct conclusion short of reading the record.

It follows that the judgment of the Municipal Court must be and it is therefore affirmed.

*Affirmed.*